UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON RODELA,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 14-00092-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On January 29, 2014, Simon Rodela ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on May 6, 2014. On August 12, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff Simon Rodela is a 23-year-old male who applied for Supplemental Security Income benefits on April 20, 2011, alleging disability beginning June 15, 2009. (AR 12.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 20, 2011, the application date. (AR 14.)

Plaintiff's claim was denied initially on July 20, 2011 and on reconsideration on October 28, 2011. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on August 29, 2012 in Moreno Valley, California. (AR 12.) Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative.[1] (AR 12.) Medical expert ("ME") David M. Glassmire, Ph.D. also appeared and testified via telephone, and vocational expert ("VE") Gregory Jones also appeared and testified in person at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on September 7, 2012. (AR 12-23.) The Appeals Council denied review on November 25, 2013. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

2. Whether the ALJ properly considered the treating physician's opinion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.

---

[1] At the hearing, Claimant submitted additional medical evidence. Such evidence was received and entered into the record accordingly. The ALJ stated that he carefully read and considered all the evidence in the record regardless of whether it is specifically cited in the decision. (AR 12.)

Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 20, 2011, the application date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: bipolar disorder. (AR 14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 15.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:

> Claimant is limited to noncomplex routine tasks involving no interaction with the general public and he cannot perform work requiring hyper-vigilance.

(AR 16-21.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 17.)

At step four, the ALJ found that Plaintiff has no past relevant work. The ALJ, however, also found that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including warehouse worker, housekeeping cleaner and production assembler. (AR 21-22.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 23.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom testimony. The ALJ properly considered the medical evidence, rejecting the opinion of Plaintiff's treating psychiatrist for specific, legitimate reasons supported by substantial evidence.

5

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ's adverse credibility determination is erroneous. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only

by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 18.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 17.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the objective medical evidence did not support the alleged severity of Claimant's symptoms or establish disabling limitations. (AR 17-21.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff alleges symptoms associated with his bipolar disorder such as paranoia, anxiety, excessive sleep and insomnia. (AR 16.) The medical evidence of record, however, indicates Plaintiff's bipolar disorder symptoms responded well to medication. (AR 18-20.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). At a July 2, 2011 psychiatric evaluation he admitted to Dr. Ngati that he was taking medications and admitted they were effective in controlling his symptoms. (AR 19.) He stated his sleep pattern was normal. (AR 19.) Dr. Ngati found that Claimant's concentration was adequate. (AR 19, 398.) Dr. Ngati opined Claimant was not limited in his ability to perform simple and repetitive tasks, and only mildly impaired in all other work-related

mental and social functioning. (AR 19.) Dr. Ngati also noted Claimant was capable of managing his own funds. (AR 19.) Psychologist Dr. Glassmire, the medical expert who testified at the hearing, stated Plaintiff was stable if he took medications and could perform noncomplex routine tasks in a nonpublic setting. (AR 20.) He also noted that mental status exams had been normal and mild. (AR 35-37.) The RFC assessments of State agency medical consultants that Plaintiff could perform work involving nonpublic tasks in a nonpublic setting were consistent with those of Dr. Ngati and Dr. Glassmire. (AR 21, 51-57.) The only medical opinion evidence supporting Plaintiff's unemployability is the opinion of treating psychiatrist Dr. Monica Gordon but the ALJ rejected her opinion for specific legitimate reasons supported by substantial evidence, as discussed below.

Second, the ALJ found that Plaintiff's daily activities were inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Plaintiff himself described a rather full range of daily activities, including personal care, preparing meals, and performing household chores. (AR 16.) He is able to handle funds. (AR 16.) Claimant engages in a range of hobbies, including card games and video games. (AR 16.) He admitted he could follow written and spoken instructions. (AR 16.) He attends church services regularly without need of any reminder. (AR 16-17). At his consultative psychiatric evaluation in July of 2011, he described a normal range of basic daily activities and social functioning. (AR 17.) While these activities do not necessarily prove Plaintiff can work, they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Third, Plaintiff had work activity after the alleged onset date. (AR 17.) He was laid off from one job and the other was temporary. (AR 17, 41.) This work activity was not sufficient to constitute substantial gainful activity but the ALJ found that these jobs indicate Plaintiff's level of functioning was greater than he reported. (AR 17.) The ALJ may consider the fact that Claimant worked after an injury. Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001).

Fourth, Plaintiff contended his condition affected his ability to perform exertional activities but failed to explain how or to allege any condition that would cause any physical limitations. (AR 16.) See Turner v. Comm'r, 613 F.3d 1217, 1225 (9th Cir. 2010) (claimant not credible because of exaggerated statements about his physical impairments).

Plaintiff disputes the ALJ's interpretation of the evidence regarding the credibility of Plaintiff's subjective symptom allegations but it is the ALJ who is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

## II. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews, 53 F.3d at 1041; Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Dr. Monica Gordon is Plaintiff's treating psychiatrist. (AR 19.) She submitted three disability statements dated June 16, 2011, July 20, 2011 and August 8, 2012. (AR 19, 421, 466, 468.) These statements opine that, due to intermittent symptoms of depression and mania, Claimant is unable to work in a competitive environment. She also indicated on a form that Plaintiff is unable to maintain concentration, sustain repetititve tasks or adapt to new or stressful situations. (AR 19, 421.) She further stated that Plaintiff had been unable to be stabilized for more than three months. (AR 19, 468.) The ALJ, however, found that Dr. Gordon's opinion is not supported by the

objective medical evidence. Although the opinions of treating physicians generally are entitled to greater weight than those of other physicians, Smolen, 80 F.3d at 1285, even a treating physician's opinion can be rejected if it is inadequately supported by medical evidence as is true here. Thomas, 278 F.3d at 957; Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195-96 (9th Cir. 2004). Here, the ALJ found that the medical evidence showed Claimant responded well to medications when he took them. (AR 20.) There were instances of noncompliance that caused Plaintiff to experience symptoms but his mental status was overall normal with medication adherence. (AR 20.) The ALJ observed that Plaintiff's intermittent noncompliance may be an indication that his symptoms are not as severe as he purports. (AR 20.) Dr. Glassmire, the medical expert, specifically testified at the hearing there were no objective findings to support Dr. Gordon's opinion that Plaintiff was unemployable. (AR 20.)

The ALJ also found that Dr. Gordon's opinion was inconsistent with other medical source evidence, that of Dr. Ngati (AR 19) and Dr. Glassmire (AR 20), both of whom stated that Plaintiff was not precluded from all work. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ also determined that Dr. Gordon relied too heavily on Plaintiff's subjective report of symptoms and limitations (AR 19-20) which as noted above the ALJ discounted. The ALJ properly may disregard a medical opinion based to a large extent on a claimant's self-reports that have been discredited. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Batson, 359 F.3d at 1195; Thomas, 278 F.3d at 957; Morgan, 169 F.3d at 602.

The ALJ further found Dr. Gordon's opinion to be inconsistent with Claimant's admitted daily activities described above. (AR 20.) An inconsistency between a doctor's opinion and Plaintiff's own observed abilities is a reason for not relying on the opinion. Bayliss, 427 F.3d at 1216.

Plaintiff disputes the ALJ's evaluation of the record in discounting Dr. Gordon's opinion but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence and the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Dr. Gordon's opinion for specific, legitimate reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 28, 2014            */s/ John E. McDermott*
                                             JOHN E. MCDERMOTT
                                       UNITED STATES MAGISTRATE JUDGE